**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Juan Mosso, Norberto Garcia, Johnny Chamorro, Adrian Santiago Ramirez, and Andres Ortiz Mendoza, on behalf of themselves and all other persons similarly situated, | DOCKET NO. _____ |
| | |
| Plaintiffs, | **COMPLAINT** |
| | **COLLECTIVE ACTION** |
| - vs. – | |
| 910 Seventh Ave Rest LLC d/b/a 9Ten Restaurant, Theodore Katsihtis and Demetrios Glekas, | |
| Defendants. | |

Plaintiffs Juan Mosso, Norberto Garcia, Johnny Chamorro,

Adrian Santiago Ramirez, and Andres Ortiz Mendoza, by and

through their undersigned attorneys, for their complaint

against defendants 910 Seventh Ave Rest LLC d/b/a 9Ten

Restaurant, Theodore Katsihtis, and Demetrios Glekas, allege

as follows, on behalf of themselves and on behalf of all other persons similarly situated:

**NATURE OF THE ACTION**

1.    Plaintiffs Juan Mosso, Norberto Garcia, Johnny Chamorro, Adrian Santiago Ramirez, and Andres Ortiz Mendoza, on behalf of themselves and all other persons similarly situated, current and former employees of defendants 910 Seventh Ave Rest LLC d/b/a 9Ten Restaurant, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), allege that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2.    Plaintiffs further complain that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which the defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for the defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv)

compensation for the defendants' illegal deductions from gratuities under New York Labor Law §§ 196-d and 663; (v) liquidated damages pursuant to New York Labor Law for these violations; and (vi) statutory damages for the defendants' violation of the Wage Theft Prevention Act.

## **THE PARTIES**

3.  Plaintiff Juan Mosso, is an adult individual residing in New York, New York.

4.  Plaintiff Norberto Garcia, is an adult individual residing in the Bronx, New York.

5.  Plaintiff Johnny Chamorro, is an adult individual residing in the Bronx, New York.

6.  Plaintiff Adrian Santiago Ramirez, is an adult individual residing in the Bronx, New York.

7.  Plaintiff Andres Ortiz Mendoza, is an adult individual residing in the Bronx, New York.

8.  Mr. Mosso consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

9.  Mr. Garcia consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

10.  Mr. Chamorro consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

11.  Mr. Ramirez consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

12.  Mr. Mendoza consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

13.  Defendant 910 Seventh Ave Rest LLC d/b/a 9Ten Restaurant (hereinafter referred to as "910 Restaurant"), is a domestic limited liability company organized under the law of the State of New York  with a registered address at 861 7th Ave, New York, NY 10019.

14.  At all times relevant, Defendant 910 Restaurant operated a restaurant located at 910 7th Avenue, New York, 10019.

15.  At all relevant times, defendant 910 Restaurant was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

16.  At all relevant times, defendant 910 Restaurant has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

17.  Upon information and belief, at all relevant times, defendant 910 Restaurant, has had gross revenues in excess of $500,000.00.

18.  Upon information and belief, at all relevant times herein, defendant 910 Restaurant has used goods and materials

produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

19.  Defendant Theodore Katsihtis is an owner or part owner and principal of 910 Restaurant, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

20.  At all relevant times, Defendant Theodore Katsihtis was involved in the day-to-day operations of 910 Restaurant, and played an active role in managing the business.

21.  Defendant Demetrios Glekas is an owner or part owner and principal of 910 Restaurant, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

22.  At all relevant times, Defendant Demetrios Glekas was involved in the day-to-day operations of 910 Restaurant and played an active role in managing the business.

23.  Defendants constituted "employers" of Plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

24.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has

jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

25.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

26.  Pursuant to 29 U.S.C. § 206 and § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by the defendants in the United States at any time since June 2, 2019, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

27.  The Collective Action Members are similarly situated to Plaintiffs in that they were employed by defendants as non-exempt employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

28.  They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

6

29.  Plaintiffs and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

30.  The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

31.  At all relevant times herein, the defendants owned and operated 910 Restaurant, a restaurant located at 910 7th Avenue in Manhattan, New York.

32.  Plaintiff Juan Mosso was employed 910 Restaurant, from approximately February 1, 2017, until December 31, 2021.

33.  Mr. Mosso was employed as a cook.

34.  Mr. Mosso's work was performed in the normal course of defendant's business, was integrated into the business of defendant, and did/does not involve executive or administrative responsibilities.

35.  At all relevant times herein, Mr. Mosso was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

36.  From February 2017 through March 2020, Mr. Mosso worked a regular schedule six days per week, from 3:00 p.m. until 11 p.m., with Monday off.

37.  As a result, he was working approximately 48 hours per week during that period of his employment by the defendant.

38.  From July 2020 through December 2021. Mosso worked a regular schedule six days per week, from 7:30 a.m. until 2:30 p.m., with Monday off.

39.  As a result, he was working approximately 42 hours per week during that period of his employment by the defendant.

40.  Mr. Mosso was paid $400 weekly in cash and $400 weekly by check from 2017 through March 2020, when the restaurant closed because of the pandemic.

41.  From July 2020, when the restaurant reopened, until February 2021, Mr. Mosso was paid $500 per week.

42.  From February through December 31, 2021, Mr. Mosso was paid $750 per week by check.

43.  Plaintiff Norberto Garcia was employed at 910 Restaurant from approximately October 2018, through December 31, 2021.

44.  Mr. Garcia was employed as a dishwasher and deliver man.

8

45.  Mr. Garcia's work was performed in the normal course of defendant's business, was integrated into the business of defendant, and did/does not involve executive or administrative responsibilities.

46.  At all relevant times herein, Mr. Garcia was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

47.  From October 2018 through March 2020, Mr. Garcia worked a regular schedule of six days per week from 3:00 p.m. until 11:00 p.m., with Monday off.

48.  As a result, he was working approximately 48 hours per week during this period of his employment by Defendants.

49.  From July 2020 through December 2021, Mr. Garcia worked a regular schedule of five days per week from 2:30 p.m. until 9:00 p.m., with Monday and Tuesday off.

50.  As a result, he was working approximately 32.5 hours per week during this period of his employment by Defendants.

51.  Mr. Garcia was paid weekly in cash, at the rate of $15 per hour throughout his employment by Defendants.

52.  Plaintiff Jonny Chamorro was employed at 910 Restaurant from approximately January 2014, until December 31, 2021.

53.  Mr. Chamorro was employed as a cook.

54.  Mr. Chamorro's work was performed in the normal course of defendant's business, was integrated into the business of defendant, and did/does not involve executive or administrative responsibilities.

55.  At all relevant times herein, Mr. Chamorro was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

56.  From January 2014 through March 2020, Mr. Chamorro worked a regular schedule six days per week, from 6:00 a.m. until 3:00 p.m., with Monday off.

57.  As a result, he was working approximately 54 hours per week during that period of his employment by the defendants.

58.  From July 2020 through December 2021, Mr. Chamorro worked a regular schedule six days per week, from 7:00 a.m. until 3:00 p.m., with Wednesday off.

59.  As a result, he was working approximately 48 hours per week during that period of his employment by the defendant.

60.  Mr. Chamorro was paid $650 weekly in cash and check, throughout his employment by Defendants.

61.   Plaintiff Adrian Santiago Ramirez was employed at 910 Restaurant from approximately June 15, 2019, until December 31, 2021.

62.   Mr. Ramirez was employed as a grill man and cleaning the grill and the grill equipment.

63.   Mr. Ramirez's work was performed in the normal course of defendants' business, was integrated into the business of defendants, and did/does not involve executive or administrative responsibilities.

64.   At all relevant times herein, Mr. Ramirez was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

65.   From June 2019 until March 2020, and then again from June 15, 2020 until December 31, 2021, Mr. Ramirez worked a regular schedule six days per week, from 6:00 a.m. until 3:00 p.m., with Tuesday off.

66.   As a result, he was working approximately 54 hours per week during that period of his employment by the defendants.

67.   Mr. Ramirez was paid $16 per hour in cash, $864 in cash per week, throughout his employment by Defendants.

68. Plaintiff Andres Ortiz Mendoza was employed at 910 Restaurant, from approximately April 2016, until December 31, 2021.

69. Mr. Mendoza was employed as a cook, food preparer and grill man.

70. Mr. Mendoza's work was performed in the normal course of defendant's business, was integrated into the business of defendant, and did/does not involve executive or administrative responsibilities.

71. At all relevant times herein, Mr. Mendoza was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

72. From April 2016 through March 2020, Mr. Mendoza worked a regular schedule six days per week, from 3:00 p.m. until 11 p.m., with Friday off.

73. As a result, he was working approximately 48 hours per week during that period of his employment by the defendant.

74. From July 2020 through December 2021, Mr. Mendoza worked a regular schedule six days per week, from 2:00 p.m. until 8:00 p.m., with Monday off.

75.  As a result, he was working approximately 36 hours per week during that period of his employment by the defendant.

76.  Mr. Mendoza was paid $600 weekly in cash from the beginning of his employment through March 2020.

77.  Beginning in July 2020 Mr. Mendoza was paid $600 per week, partly in cash and partly by check.

78.  From January 2021 through December 2021, Mr. Mendoza was paid $680 in check, plus $130 in cash each week.

79.  Each of the plaintiffs received the weekly amounts described herein above for all hours worked each week, regardless of the exact number of hours worked in a given week.

80.  As a result, Plaintiffs' effective rates of pay were below the statutory New York City minimum wage in effect at relevant times.

81.  Defendants' failure to pay each Plaintiff an amount at least equal to the New York City minimum wage in effect during relevant time periods was willful, and lacked a good faith basis.

82.  Plaintiffs have each been paid in cash, or partly in cash, throughout their employment by the defendants, and received no paystubs or wage statements of any sort with their pay.

83.   In   addition,   the   defendants   failed   to   pay
Plaintiffs  any  overtime  "bonus"  for  hours  worked  beyond  40
hours  in  a  workweek,  in  violation  of  the  FLSA,  the  New  York
Labor  Law,  and  the  supporting  New  York  State  Department  of
Labor  regulations.

84.   Defendants'   failure   to   pay   each   Plaintiff   the
overtime  bonus  for  overtime  hours  they  each  worked  was
willful,  and  lacked  a  good  faith  basis.

85.   Defendants   also   failed   to   pay   Plaintiffs   an
additional  hour's  pay  at  the  minimum  wage  for  each  day  he
worked  a  shift  lasting  in  excess  of  ten  hours  from  start  to
finish  ("spread-of-hours  premium").

86.   Defendants  failed  to  provide  each  Plaintiff  with  a
written  notice  providing  the  information  required  by  the  Wage
Theft  Prevention  Act  –  including,  *inter alia*,  the  defendants'
contact  information,  the  regular  and  overtime  rates,  and
intended  allowances  claimed  –  and  failed  to  obtain  each
plaintiff's  signature  acknowledging  the  same,  upon  each
plaintiff's  hiring  or  at  any  time  thereafter,  in  violation  of
the  Wage  Theft  Prevention  Act  in  effect  at  the  time.

87.   Defendants  failed  to  provide  each  plaintiff  with
weekly  records  of  their  compensation  and  hours  worked,  in
violation  of  the  Wage  Theft  Prevention  Act.

88.  Upon  information  and  belief,  throughout  both
periods of each plaintiff's employment, both before that time
(throughout  the  Collective  Action  Period)  and  continuing
until  today,  defendants  have  likewise  employed  other
individuals like plaintiffs (the "Collective Action Members")
in positions at defendants' restaurant that required little
skill,  no  capital  investment,  and  with  duties  and
responsibilities  that  did  not  include  any  managerial
responsibilities or the exercise of independent judgment.

89.  Defendants  applied  the  same  employment  policies,
practices, and procedures to all Collective Action Members,
including policies, practices, and procedures with respect to
the payment of minimum wages and overtime.

90.  Upon information and belief, Defendants have failed
to pay these other individuals at a rate at least equal to
the minimum wage, in violation of the FLSA and the New York
Labor Law.

91.  Upon  information  and  belief,  these  other
individuals have worked in excess of forty hours per week,
yet defendants have likewise failed to pay them overtime
compensation of one-and-one-half times their regular hourly
rate in violation of the FLSA and the New York Labor Law.

92.  Upon  information  and  belief,  these  other
individuals were not provided with required wage notices or

weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

93.  Upon information and belief, while the defendants employed the plaintiffs and the Collective Action Members, and through all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

94.  Upon information and belief, while the defendants employed the plaintiffs and the Collective Action Members, and through all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law – Minimum Wage)

95.  Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

96.  At all relevant times, Plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

97.  Defendants willfully violated Plaintiffs' rights by failing to pay them compensation in excess of the statutory

minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

98. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

99. Due to the defendants' New York Labor Law violations, Plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act - Overtime)

100. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

101. At all relevant times, the defendants employed Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

102. At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their

employees for hours they worked in excess of forty hours per workweek.

103. As a result of defendants' willful failure to compensate their employees, including Plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

104. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

105. Due to the defendants' FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law - Overtime)

106. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate

by reference the foregoing allegations as if set forth fully and again herein.

107. At all relevant times, Plaintiffs were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

108. Defendants willfully violated Plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

109. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

110. Due to the defendants' New York Labor Law violations, Plaintiffs and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT IV

### (NEW YORK LABOR LAW – SPREAD OF HOURS)

111. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate

by reference the foregoing allegations as if set forth fully
and again herein.

112.  At all relevant times, Plaintiffs were employed by
Defendants within the meaning of the New York Labor Law, §§
2 and 651.

113. Defendants willfully violated Plaintiffs' rights by
failing to pay them an additional hour's pay at the minimum
wage for each day they worked a shift lasting in excess of
ten hours from start to finish, in violation of the New York
Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R.
§ 142-2.4.

114. Defendants' failure to pay the "spread of hours"
premium was willful, and lacked a good faith basis, within
the meaning of New York Labor Law § 198, § 163 and supporting
regulations.

115. Due to Defendants' New York Labor Law violations,
Plaintiffs and the Collective Action Members are entitled to
recover from Defendants their unpaid compensation, liquidated
damages, interest, reasonable attorneys' fees, and costs and
disbursements of the action, pursuant to New York Labor Law
§ 198, and § 663(1).

## COUNT V

### (New York Labor Law — Wage Theft Prevention Act)

116. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

117. At all relevant times, Plaintiffs were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

118. Defendants willfully violated Plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

119. Defendants willfully violated Plaintiffs' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

120. Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiffs are each entitled to recover from the defendants statutory damages of $250 per day, for each day by the defendant of their employment by the defendants, up to the maximum statutory damages.

121. Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are each entitled to recover from the defendants statutory damages of $50 per day for each day of their employment by the defendants, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

f.  Compensatory damages for failure to pay the "spread of hours" compensation pursuant to New York Labor Law;

g.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage, overtime, and "spread of hours" compensation pursuant to 29 U.S.C. § 216;

h.  Liquidated damages for the defendants' New York Labor Law violations;

i.  Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

j.  Back pay;

k.  Punitive damages;

l.  An award of prejudgment and postjudgment interest;

m.  An  award  of  costs  and  expenses  of  this  action together  with  reasonable  attorneys'  and  expert fees; and

n.  Such other, further, and different relief as this Court deems just and proper.

Dated: June 2, 2022

<u>/s/ Michael Samuel</u>
Michael Samuel (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
Attorneys for Plaintiffs,
*Individually and on behalf of an
FLSA collective action*